**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT CREAGER,

                Plaintiff,

   v.

DAVID DUCHAK, et al.,

                Defendants.

Case No. 1:17-cv-350

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this prisoner civil rights litigation in May 2017 against multiple individuals concerning various conditions of his confinement. On initial screening, certain of Plaintiff's claims and individuals were dismissed *sua sponte*, but other Eighth Amendment claims against certain Defendants, all of whom were alleged to be employed at either the Butler County Jail or the Miami County Jail, were permitted to proceed. (Docs. 5, 22). The case has been referred to the undersigned magistrate judge for all pretrial proceedings, including issuance of a further Report and Recommendation ("R&R") on any dispositive matters. Several non-dispositive preliminary pretrial matters are addressed by separate order filed this same day, while this R&R addresses multiple motions filed by Plaintiff that seek preliminary injunctive relief.

    I.    **Pending Motions for Preliminary Injunctive Relief**

Plaintiff has filed seven separate motions that seek some form of preliminary

injunctive relief, including motions seeking a "protective order" from further physical and/or psychological abuse that Plaintiff alleges he was being subjected to at Miami County Jail at the time the motions were filed (Doc. 10, 15, 16) and other motions more clearly captioned as motions for an "injunction and/or injunctive relief." (Docs. 8, 13, 19, 20). Most of the motions are duplicative, with several appearing to be identical.

As noted in the separate Order filed this same day, Plaintiff appears to have been moved from the Miami County Jail since filing all of the referenced motions. The attempted delivery of mail from this Court has been returned as undeliverable, and ODRC records reflect that Plaintiff is presently housed at a different penological institution.

In determining whether to issue a TRO or an emergency injunction, the Court balances the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

See Procter & Gamble v. Bankers Trust Co., 78 F.3d 219, 226–227 (6th Cir.1996), citing Mason County Medical Ass'n v. Knebel, 563 F.2d 256, 261 (6th Cir.1977) (applying preliminary injunction factors to motion for temporary restraining order).

The purpose of a preliminary injunction is to maintain the relative positions of the

parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395, 101 S.Ct. 1830 (1981); *see also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *See Overstreet v. Lexington–Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir. 2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n.3 (6th Cir. 1984) ("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

In this case, Plaintiff has failed to satisfy his heavy burden of demonstrating that extraordinary relief is warranted, whether preliminary injunctive relief or any form of a "protective order" to place him into federal custody pending the outcome of this lawsuit. In addition, all of the pending motions seeking various forms of preliminary injunctive relief against Miami Jail County employees were rendered moot by Plaintiff's transfer from that institution.

**II.  Conclusion and Order**

For the reasons stated herein, **IT IS RECOMMENDED THAT:**

All of Plaintiff's motions for a protective order and/or for other preliminary

injunctive relief (Docs. 8, 10, 13, 15, 16, 19, 20) should be DENIED on the merits, as duplicative, and as rendered moot by Plaintiff's recent transfer from Miami County Jail.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ROBERT CREAGER,

          Plaintiff,

  v.

DAVID DUCHAK, et al.,

          Defendants.

Case No. 1:17-cv-350

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).