# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT CREAGER,

        Plaintiff,

    v.

DAVID DUCHAK, et al.,

        Defendants.

Case No. 1:17-cv-350

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff, an individual who is currently incarcerated at the London Correctional Institution ("LCI") and who proceeds *pro se*, tendered a complaint against thirteen individuals on May 22, 2017.  On June 30, 2017, the undersigned granted Plaintiff leave to proceed *in forma pauperis*.  On the same date, the undersigned filed a Report and Recommendation ("R&R"), subsequently adopted as the opinion of the Court, recommending that multiple claims be dismissed for failure to state a claim, but that two claims against a total of seven individual Defendants be permitted to proceed. (Docs. 5, 22).

Currently pending before the undersigned are more than a dozen motions, including two motions to dismiss this lawsuit for lack of subject matter jurisdiction.   For the reasons discussed below, the motions to dismiss should be GRANTED and all other motions should be denied as moot.

## I.     Background

Although Plaintiff's 15-page complaint contains additional allegations, this R&R discusses only those allegations that pertain to the two claims permitted to proceed

beyond the screening stage.

According to a medical record attached to his complaint, Plaintiff is 74 years of age. (*See* Doc. 4 at 13). Plaintiff alleges that on January 20, 2017, when he first arrived at the Butler County Jail, Defendant Officer Hartman "physically assaulted me by taking hold of me and throwing me up against the stone wall and pushing me as hard as he could, breaking my arm-elbow and fracturing my right shoulder." (*Id.* at 5). On February 10, 2017, Plaintiff was transferred from the Butler County Jail first to the Upper Valley Medical Center for treatment, and then to the Miami County Jail, where he was incarcerated at the time he filed his complaint. (Doc. 4). Plaintiff alleges that officials at both jail facilities failed to provide him with adequate medical treatment. Thus, in addition to his excessive force claim against Defendant Hartman, Plaintiff alleges that seven individual Defendants (including Hartman) exhibited deliberate indifference to Plaintiff's serious medical needs, both with respect to Plaintiff's acute injury to his arm/elbow and/or shoulder, and with respect to Plaintiff's long-standing chronic pain issues due to severe degenerative disc disease. (*See* Doc. 4 at 13). Plaintiff specifically complains that jail officials discontinued his prescribed pain medications, and instead offered him only over-the-counter medications to treat his chronic, severe pain.

In the June 30, 2017 R&R, the undersigned initially recommended that Plaintiff be permitted to proceed with an Eighth Amendment claim of excessive force against Defendant Hartman, and that he also be permitted to proceed with a second Eighth Amendment claim for deliberate indifference to his serious medical needs against the following Defendants: Officer Hartman, Butler County Jail Dr. Abdullah, Miami County

Jail Dr. Cole, Miami County Sheriff's Department Lt. Nate Collett, Miami County Jail "Nurse Kate" and "Nurse Sue," and Butler County Sheriff's Department [unnamed] ENT-Medical Nurse. (Doc. 5 at 5, 7).

The R&R took note of the fact that for his claim for relief, Plaintiff was seeking injunctive relief. The R&R did not note any other claim for relief, as no other type of claim for relief appeared on the face of the complaint. (*Id.* at 5).

On September 7, 2017, mail sent to Plaintiff at the address he had listed was returned to this Court as undeliverable. Thereafter, the Court directed Plaintiff to "show cause" for his failure to keep the Court apprised of his current address. (Docs. 25, 27). The same order directed the parties to file any motions to amend their pleadings by October 31, 2017, to complete discovery by May 31, 2018, and to file dispositive motions by July 31, 2018. (Doc. 27).

By filings dated October 2 and October 5, 2017, Plaintiff notified the Court of a new address, indicating that he had been transferred to the Correctional Reception Center ("CRC") on or about August 21, 2017. On October 23, 2017, Plaintiff notified this Court of an additional change of address, insofar as he was moved on October 19, 2017 to the London Correctional Institution in London, Ohio to serve out his sentence. (Doc. 43).

On October 11, 2017, three of the Defendants associated with Miami County Jail (Dr. Cole, Nurse Kate and Nurse Sue) filed a motion to dismiss for lack of subject matter jurisdiction. (Doc. 39). On March 5, 2018, the remaining four Defendants (Butler County Dr. Anthony Abdullah, Officer Todd Hartman, ENT-Medical Nurse of the Butler County

Sheriff's Department, as well as Miami County Sheriff's Department Nate Collet), filed a similar motion to dismiss for lack of subject matter jurisdiction. (Doc. 71).

## II. Analysis

### A. Defendants' Motions to Dismiss

All seven Defendants persuasively argue that this Court lacks subject matter jurisdiction because Plaintiff has not been housed at either of the County Jails since August 21, 2017, and instead has been transferred to a more permanent prison location by the Ohio Department of Rehabilitation and Corrections. All seven Defendants are associated with either Butler County or Miami County Jails, and none are associated with, or work at, the London Correctional Institution where Plaintiff is serving out his sentence. In short, Plaintiff's claims for injunctive relief have been rendered moot based upon his transfer to London Correctional Institution.

This Court's jurisdiction is limited to "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character" by the case or controversy clause of Article III of the Constitution. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937)); *see also* U.S. Const. art. III, § 2, cl. 1. "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)(additional citation omitted). The Sixth Circuit has held that an inmate's claims for injunctive relief are moot when "he is no longer confined to the institution" against which the injunctive relief is sought. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Because Plaintiff is no longer incarcerated in either the Butler County Jail or the Miami County Jail, and none of the Defendants are associated with the prison at which he presently resides, his claims for injunctive relief are moot and this Court no longer has subject matter jurisdiction over his claims. *Accord Collins v. Warden, London Correctional Inst.*, 2014 WL 1653130, at *1–4 (S.D.Ohio 2014) (dismissing deliberate indifference claim against LCI medical providers who allegedly eliminated treatment plan for spinal condition and asthma, cancelled prescriptions, denied a request for an MRI, and refused to treat plaintiff's Hepatitis C, because plaintiff had been transferred to a different institution, rendering moot his claims for injunctive relief).  As other judges in this Court have explained:

> When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas…*131 S.Ct. 1651, 1669–70, 179 L.Ed.2d 700 (2011) (citations omitted) ("A number of ... suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see, e.g., Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur–Rahman v. Michigan Dep't of Corr.,* 65 F.3d 489, 491 (6th Cir.1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane,* 992 F.2d 601 (6th Cir.1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger,* 983 F.2d at 724; *Fredette v. Hemingway,* 65 F. A'ppx 929, 931 (6th Cir.2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested").

> "There is ... an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette,* 65 F. A'ppx at 931 (citation omitted). This narrow, capable-of-repetition exception is limited to situations in which "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration" *and* "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* (internal quotation marks and citations omitted).

*Hendricks v. Aramark Inc.,* 2015 WL 1809361, at *3 (S.D.Ohio,2015); *Collins v. Warden, London Correctional Inst.*, 2014 WL 1653130, at *3–4 (S.D.Ohio 2014), adopted at 2014 WL 2207706 (S.D. Ohio May 28, 2014).

In his response in opposition to the motion of William Cole, M.D., Nurse Kate and Nurse Sue, Plaintiff points to the following statement in his complaint: "I want a trial by jury on the question of the defendants['] violation of my civil rights." (Doc. 51 at 3, citing Doc. 4 at 6). He contends that the Defendants' motion fails to take into account the referenced request for a jury trial. However, a request for a jury trial does not alter the fact that Plaintiff seeks only injunctive relief against the Defendants. (*See* Doc. 5, citing complaint, PageID at 15).

In his response in opposition to the second motion to dismiss, by Defendants Anthony Abudullah, M.D., Todd Hartman, the [unnamed] ENT-Medical Nurse, and Nate Collett, Plaintiff presents a new argument, noting that on the civil cover sheet that accompanied his motion to proceed *in forma pauperis* and his tendered complaint, he indicated that he was seeking $500,000.00 in damages. A review of that civil cover sheet confirms a reference to monetary damages, notwithstanding the uncontested omission of any such claim from the language of the complaint itself.

Section VII of the civil cover sheet has three small fields for the plaintiff to complete, and is captioned "**Requested In Complaint**:" (Doc. 1-1 at 1, emphasis original). Plaintiff left blank the first field, which asks the plaintiff to check a box "if this is a class action under Rule 23." In the second field, next to the phrase "Demand $ [blank]," Plaintiff wrote in the sum of "500,000.00," inaccurately suggesting that such monetary damages had been "Requested in Complaint." In the third field, Plaintiff accurately checked "yes" to indicate that he had included a jury demand. (Doc. 1-1 at 1).

### Whether Plaintiff's Cursory Reference to Damages on the Civil Cover Sheet Precludes Dismissal

The undersigned must determine whether, when there is no claim for damages in the actual complaint but a litigant erroneously states in a cursory reference on a civil cover sheet that he is seeking monetary damages, the Court should "add" the non-existent damage claim to the complaint. On the facts presented, the answer is no. Given the large number of opportunities that Plaintiff had to amend his complaint prior to the expiration of the deadline for doing so, and repeated notices that his complaint contained only claims for injunctive relief, the undersigned finds his cursory reference to monetary damages on his civil cover sheet to be insufficient to prevent dismissal of this case.

On the one hand, the undersigned acknowledges that she failed to note, upon initial screening of the complaint, the discrepancy between the cursory reference to monetary damages on the civil cover sheet, and the fact that the complaint itself sought only injunctive relief. It is generally true that a pro se complaint will be construed

7

liberally and "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 US. 89, 94 (2007)(citation omitted). However, when conducting a screening of a complaint under 28 U.S.C. § 1915e, the undersigned reviews only the pleading (complaint) itself, not the civil cover sheet.[1] The civil cover sheet is not a pleading. This Court's "pro se manual" explains to litigants that a civil cover sheet (also identified as Form JS55) is a merely a "form …used to help the Clerk's Office open your case and gather statistical information." (See http://www.ohsd.uscourts.gov/pro-se-handbook, at p. 8, accessed on May 1, 2018). Local Rule 3.1 similarly explains that the civil cover sheet is a procedural form "available from the Clerk and on the Court's website" that must accompany a complaint. If the complaint is tendered for filing without a civil cover sheet, the Clerk will file it but "shall give notice of the omission to the filing party that the completed civil cover sheet must be promptly filed." Critically, the Local Rule unambiguously states: "**The civil cover sheet is solely for administrative purposes, and matters appearing only on the civil cover sheet have no legal effect in the action**." (*Id.*, emphasis added).

Even liberally construed, no portion of Plaintiff's original complaint contained any claim for monetary damages. The undersigned summarized Plaintiff's claims, including

---

[1]Expanding review beyond the Complaint is fraught, and arguably irreconcilable with the clear language of Rule 8, Fed. R. Civ. P., Local Rule 3.1, and the PLRA, not to mention settled case law that defines what is, and is not, a pleading. Because some pro se litigants file numerous documents, and considering that pro se civil litigation generally comprises nearly 30% of the caseload of our federal courts (and over 34% in courts within the Sixth Circuit), the constant consideration of additional documents in the screening process (and beyond) as possible construed complaints, or amendments thereto, would have the potential to overwhelm this Court. See Table C-13, U.S. District Court filings for 12-month period ending September 2017, http://www.uscourts.gov/sites/default/files/data_tables/jb_c13_0930.2017.pdf. Certainly, aside from the constraints of the Rules of Civil Procedure, the PLRA, and case law, such a role would push this Court closer to advocacy, well beyond the traditional limitations to adjudicate only those issues actually presented.

the sole claim for injunctive relief, on June 30, 2017. Although Plaintiff filed three sets of written objections to portions of the R&R that recommended dismissal of certain claims and defendants, he did not dispute the undersigned's construction of his complaint as seeking only injunctive relief. (Docs. 7, 9, 21). All objections were overruled. (Doc. 22).

The undersigned notes that Plaintiff is a prolific filer of motions, notices, affidavits, and other documents, many of which include ample citations to case law.[2] Yet Plaintiff repeatedly failed to make clear any intention to bring a claim for monetary damages against the identified Defendants, despite ample opportunities to do so. For example, Plaintiff filed two motions to amend his complaint (Docs. 12, 18), along with a document construed as a "Notice" regarding his motion to amend/correct his complaint, (Doc. 14), and a fourth document construed as a "Notice of an Addendum" to his complaint (*see* Doc. 17, seeking to attach two exhibits). None of the tendered amendments, Notices, or exhibits added a claim for monetary damages.

On September 19, 2017, the undersigned granted one of Plaintiff's motions to amend, denied a second duplicative motion, and entered a calendar order directing the parties to file any motions to further amend their pleadings by October 31, 2017. (Doc. 27). Though plaintiff is a prisoner proceeding pro se, no less authority than the Supreme Court has pointed out in another pro se prisoner case that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984 (1993)(footnote omitted). This Court has likewise held

---

[2]Through the date of this R&R, Plaintiff has filed at least 48 documents, including 25 motions (some multi-part), plus 23 additional documents including objections, responsive memoranda, "notices," and affidavits.

that *"pro se* litigants should not 'be accorded special consideration' when they fail to adhere to readily-comprehended court deadlines." *Eddins v. Department of Ohio Veterans of Foreign Wars*, 2012 WL 1987162, at *1 (S.D.Ohio 2012)(quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Although Plaintiff filed multiple documents and motions between the entry of the calendar order and the October 31 deadline for the amendment of pleadings, he did not seek to further amend his complaint prior to that deadline.

In addition to the calendar order, on September 19, 2017 the undersigned filed an R&R that recommended the denial of Plaintiff's "seven separate motions that seek some form of preliminary injunctive relief." (Doc. 28 at 1-2). The undersigned recommended denying all seven motions "on the merits, as duplicative, and as rendered moot by Plaintiff's recent transfer from Miami County Jail." (*Id.* at 4). That R&R was adopted on November 28, 2017, and Plaintiff's motion for reconsideration of the Court's ruling was denied. (Docs. 58, 60).

Defendants Cole, Sue, and Kate filed their motion to dismiss on October 11, 2017, still several weeks prior to the deadline for Plaintiff to move to amend his complaint, arguing specifically (and exclusively) that this Court lost subject matter jurisdiction when Plaintiff's lone claims for injunctive relief were rendered moot after his transfer from Miami County Jail. Despite having clear notice of the grounds for dismissal sought by Defendants, Plaintiff's two responses to that motion did not alert the Court to his alleged intention to seek monetary damages from the Defendants. (Docs. 50, 51).

On November 6, approximately a week after the extension for moving to amend pleadings had expired, Plaintiff filed a motion to extend the deadline for him to further amend his complaint. (Doc. 52). However, the basis for the requested extension made no mention of any new claim for monetary relief, but instead, stated Plaintiff's intention to add additional defendants whom he accused of continuing to exhibit deliberate indifference to his need for adequate pain medications. In other words, Plaintiff sought additional time to add new claims for injunctive relief against additional institutional officials. (Doc. 52).

On November 27, 2017, nearly a month after the expiration of the deadline to move to amend his pleadings, Plaintiff filed yet another motion to "modify, add to, and/or amend/correct complaint." (Doc. 57). In that motion, Plaintiff sought "to allow the addition of three (3) new defendants, without the requirement of plaintiff exhausting administrative remedies or bringing a new civil action…." (*Id.* at 1). Specifically, Plaintiff sought to add a "Dr. Saul" who was the attending physician at CRC, and "Dr. Wood," at LCI. Based upon the representations of both physicians that they were denying additional pain medications based upon Ohio Department of Rehabilitation and Corrections policy, Plaintiff also sought to add "John Doe, Medical Director, ODR&C." (Doc. 57 at 4). The November 27, 2017 motion to further amend alludes briefly, and for the first time, to Plaintiff's intention to seek "damages of all defendants…punitive and compensatory damages." (*Id.* at 5). However, the motion does not suggest that Plaintiff also seeks to add damage claims against the previously identified County Defendants, as opposed to the newly proposed defendants.

Defendants Abudllah, Collett, [unnamed] ENT- Medical Nurse, and Hartman filed a motion to dismiss on March 5, 2018.   The latter Defendants' motion is nearly identical to the first motion to dismiss filed five months earlier.  Like the October 2017 motion, the March 2018 motion argues exclusively that this Court lacks subject matter jurisdiction because Plaintiff's complaint seeks only injunctive relief against the Defendants, which claims have been rendered moot due to Plaintiff's transfer to LCI.

On March 22, 2018 and again on April 2, 2018, Plaintiff filed two virtually identical responses in opposition to the second motion to dismiss, raising for the first time his argument that the civil cover sheet filed with his complaint reflected an intention to seek monetary damages.  (*See* Doc. 73 at 5-6, Doc. 74 at 5-6; "The damages requested are punitive in nature and those damages are within the jurisdiction of this Court.").  Plaintiff admits that all claims for injunctive relief are moot (*see id.*, at 5), but asks for "the right to correct this matter of relief sought by plaintiff and allow plaintiff to amend the Complaint to more clearly show the relief requested by plaintiff." (*Id.* at 6).

In a reply memorandum in support of their motion to dismiss, the Defendants urge this Court to dismiss because Plaintiff's opposition rests upon this Court allowing Plaintiff to create a new "claim…not spelled out in [Plaintiff's] pleading."  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)(internal quotation marks and citation omitted).  Defendants further object to this Court permitting Plaintiff to use his response in opposition to effectively amend his complaint five months past this Court's deadline for amendment.

The undersigned agrees, based upon review of this case, that Defendants' motions should be granted in full without permitting Plaintiff additional opportunities to file untimely amendments in order to plead new claims for monetary damages that he failed to include in his complaint or prior amendments thereto.

Plaintiff's claims for injunctive relief are clearly moot. He filed suit only against individuals associated with the Butler County and Miami County Jails, where he has not resided since August 21, 2017. There is no "capable-of-repetition" exception because there appears to be no reasonable likelihood (and Plaintiff does not suggest) that he will be transferred back to either jail facility. Thus, the Court's entry of equitable relief in Plaintiff's favor would have no effect on the identified seven Defendants' behavior toward him because they no longer have any contact with Plaintiff.[3] This Court does not have jurisdiction to grant prospective relief that would have no effect or impact on Defendants.

### B. Plaintiff's Motions to Further Amend His Complaint (Docs. 57, 84)

Plaintiff's November 27 motion to further amend his complaint to add new claims for relief against new defendants should be denied on procedural grounds, because it is untimely. Additionally, because the undersigned has recommended the dismissal of all of Plaintiff's original claims for injunctive relief against the seven Butler and Miami

---

[3]Without prejudging Plaintiff's claim over which this Court lacks jurisdiction, the undersigned notes that in general, claims involving inadequate access to prescription pain relief in prisons seldom succeed on the merits. *See Dearing v. Mahalma*, 2013 WL 8696751, at *8–9 (S.D.Ohio,2013)(collecting cases, holding that plaintiff had failed to state an Eighth Amendment claim based upon the failure of Defendants to prescribe adequate pain medication, because "[t]he issue of medication choice is nearly always an issue of medical judgment" and that "courts have made clear that there is no constitutional right to receive narcotic pain medication, nor is there a right to receive unlimited pain medication for an indefinite period of time.")

County Defendants, it would serve no purpose to resurrect this otherwise fully-dismissed case with a set of new claims and Defendants.[4]

In addition, the undersigned recommends denial on the merits of the motion, because Plaintiff specifically seeks to add new claims that he admits have not been administratively exhausted.  (*See* Doc. 57).  Pursuant to the Prison Litigation Reform ACT ("PLRA"), *see* 42 U.S.C. § 1997e(a), prisoners are required to fully exhaust their remedies at institutional level prior to filing a federal lawsuit.  Although rare exceptions exist if prison officials prevent a prisoner from accessing the prison grievance system, Plaintiff does not allege that he is prevented from accessing the grievance system at LCI, but only that he seeks to be excused from the statutory requirement, presumably to expedite his access to relief in this Court.  This Court has no authority to waive the mandatory requirements of the PLRA in advance of suit.

On May 4, 2018, while the undersigned was drafting this R&R, Plaintiff filed yet another (untimely, supplemental) "memorandum in opposition" to Defendants' motions to dismiss, along with an additional (untimely) motion to further amend his complaint in order to add in his claim for punitive damages in the amount of $500,000.00 in order to save this lawsuit from dismissal against the existing Defendants.  The undersigned recommends that neither document be considered due to the lack of timeliness.  Even if considered, however, the undersigned would deny further amendment for the reasons previously stated herein, both due to the untimeliness of the amendment and the failure

---

[4]The denial of Plaintiff's motion to further amend this lawsuit does not preclude Plaintiff from filing a new suit against new Defendants based upon his new allegations.

of Plaintiff to previously amend despite filing numerous prior amendments and other motions and documents in this case, and the unfair prejudice to the Defendants.

Plaintiff's additional motion to amend complains that "[a]t no time did the plaintiff receive instructions from the Clerk of Court that this [claim for relief] had to be said, as well, in the COMPLAINT…." (Doc. 84 at 1). However, the Clerk of Court is not permitted to give legal advice. The civil cover sheet indicated that any demand for damages listed on that sheet was limited to relief that had been "requested in [the] complaint," and the complaint form itself states, in all caps, under the heading "RELIEF": "IN THIS SEECTION PLEASE STATE (WRITE) BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT, CITE NO CASES OR STATUTES." It is not the function of this Court to take on the role of advocate for disadvantaged pro se litigants[5] who fail to comply with procedural rules, when the Court otherwise lacks subject matter jurisdiction over a case. While the undersigned understands Plaintiff's general protest that the recommended dismissal reflects (in Plaintiff's words) a "technical procedural issue," (Doc. 85 at 1), that "procedural issue" directly impacts the merits, as this Court lacks subject matter jurisdiction over the lone claims for injunctive relief stated in the Complaint.

### C. Plaintiff's Motions for Temporary Restraining Order, for Preliminary Injunctive Relief, or Related Relief (Docs. 56, 60, 64)

Plaintiff has filed three motions that seek a temporary restraining order or various forms of preliminary injunctive relief, ranging from relief concerning his medical care, to

---

[5]Plaintiff argues that he is disadvantaged since he is not a lawyer or trained in a law, and the Defendants are represented by "two well staffed law firms." (Doc. 85 at 1). Accepting Plaintiff's premise, virtually all pro se litigants are similarly disadvantaged.

orders directing various individuals to refrain from interfering with his legal mail.  In light of the recommended dismissal of this lawsuit, as well as for all of the reasons previously expressed by the undersigned in the denial of his prior seven motions for preliminary injunctive relief, (see Doc. 28), the undersigned recommends denial of all currently pending motions for such relief.

### III.    Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motions to dismiss for lack of jurisdiction (Docs. 39, 71) should be **GRANTED.    IT IS FURTHER RECOMMENDED THAT** Plaintiff's motion to further amend his complaint (Docs. 57, 84) as well as all motions seeking a temporary restraining order or various forms of preliminary injunctive relief (Docs. 56, 60, 64) should be **DENIED.**    Upon adoption of this R&R, this case should be dismissed with prejudice and closed.


_s/ Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT CREAGER,                                             Case No. 1:17-cv-350

        Plaintiff,                                             Dlott, J.
                                                           Bowman, M.J.

    v.

DAVID DUCHAK, et al.,

        Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN  (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).